UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KIMBERLY A. PEREZ,

                Plaintiff,                       **MEMORANDUM & ORDER**

      -against-                                          12-CV-6172 (NGG) (RER)

THE CITY OF NEW YORK,

                Defendant.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Kimberly A. Perez brings this employment discrimination action against Defendant the City of New York[1] (the "City" or "Defendant"), for violations of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12112, and the Rehabilitation Act, 29 U.S.C. § 784.[2] (Compl. (Dkt. 1).) Plaintiff, who previously injured her hand and wrist in workplace accidents in 2001 and 2003 while employed by the Fire Department of the City of New York (the "FDNY"), alleges that Defendant discriminated and retaliated against her on the basis of her disability when she was denied various employment transfers within FDNY, and that Defendant also failed to accommodate her disability beginning in 2010. (See generally id.)

Defendant moves for summary judgment on all of Plaintiff's claims. (Not. of Mot. for Summ. J. (Dkt. 27).) By Order dated April 7, 2015, the court referred Defendant's motion to Magistrate Judge Ramon E. Reyes, Jr. for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Apr. 7, 2015, Order.)

---

[1] Plaintiff originally filed this action against the Fire Department of the City of New York. (See Compl. (Dkt. 1).) The court ADOPTS Judge Reyes's recommendation that Plaintiff be granted leave to amend the caption of the Complaint to reflect that the City of New York is the proper defendant. The Clerk of Court is respectfully directed to amend the case caption to include the City of New York as the only defendant in this action. (See generally Report & Recommendation (Dkt. 33) at 12-13.)

[2] All other claims asserted in the Complaint have been withdrawn by Plaintiff and therefore abandoned. (See Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. (Dkt. 28-3) at 1 n.1.)

1

Judge Reyes recommended that the court grant in part and deny in part Defendant's motion for summary judgment, and grant Plaintiff's request to substitute the City as the proper defendant. (See generally R&R (Dkt. 33).) For the reasons discussed below, the court ADOPTS IN FULL the R&R.

## I. BACKGROUND

The court assumes familiarity with the factual record, and adopts the summary of the factual record outlined in the R&R. (See id. at 2-4.) To the extent Defendant's objections seek a re-examination of the factual record, the court addresses the factual record in its discussion below.

## II. THE REPORT AND RECOMMENDATION

On August 21, 2015, Judge Reyes issued the R&R recommending that the court grant in part and deny in part Defendant's motion for summary judgment.

After setting forth the legal standards governing claims of discrimination, retaliation, and failure to accommodate under the ADA,[3] Judge Reyes turned to Plaintiff's specific claims that: (1) the denial of a reassignment to the Bureau of Health Services ("BHS") in July of 2010 constituted (a) disability discrimination, (b) a failure to accommodate Plaintiff's disability, and (c) retaliation against Plaintiff for seeking an accommodation, and (2) Defendant denied Plaintiff reasonable accommodations in connection with nine potential post-BHS reassignments after July of 2010. (Id. at 5.)

First, Judge Reyes recommended denying summary judgment on Plaintiff's disability discrimination claim vis-à-vis the denial of reassignment to BHS in July 2010. (Id. at 6-8.)

---

[3] Judge Reyes did not independently analyze Plaintiff's claims under the Rehabilitation Act, because "the ADA and the Rehabilitation Act impose nearly identical requirements." Abrahams v. MTA Long Island Bus, 644 F.3d 110, 115 n.3 (2d Cir. 2011); see also McElwee v. County of Orange, 700 F.3d 635, 640 (2d Cir. 2012) ("Because the standards adopted by the two statutes are nearly identical, we consider the merits of these claims together.").

2

Judge Reyes held that Plaintiff introduced sufficient evidence to raise a prima facie case of disability discrimination.[4] In so holding, Judge Reyes noted that (1) the parties disputed whether, in fact, there were any available Health Assessment Technician ("HAT") positions within BHS at the time of the July 2010, reassignment, and (2) in any event, whether the reassignment order could have allowed the appointment of Plaintiff to any position within BHS, and not only a HAT position. (Id. at 6-7.)

Second, Judge Reyes recommended denying summary judgment on Plaintiff's claim of failure to accommodate vis-à-vis the denial of reassignment to BHS in July 2010. (Id. at 8-9.) Judge Reyes noted that there were factual disputes as to whether Plaintiff could perform the essential functions of the HAT position (either with or without the accommodation she claims to have requested) and as to whether the accommodation that Plaintiff requested would have been an effective and reasonable accommodation for Defendant to provide. (Id.)

Third, Judge Reyes recommended denying summary judgment on Plaintiff's retaliation claim vis-à-vis the denial of reassignment to BHS in July 2010. (Id. at 9-10.) Judge Reyes again held that Plaintiff established a prima facie case of retaliation—namely, that she was denied the transfer to BHS in response to her request for a reasonable accommodation. (Id. at 10.) Again noting that Defendant only moved for summary judgment with respect to Plaintiff's prima facie case, and did not move for summary judgment on the second or third stages of the McDonnell Douglas burden-shifting framework, Judge Reyes declined to reach whether Defendant could have argued that Plaintiff failed to rebut its legitimate, non-retaliatory reason for the denial of transfer—her poor interview performance. (Id.)

---

[4] Judge Reyes construed Defendant's motion as only contending that Plaintiff could not raise a prima facie case of disability discrimination, as opposed to contending that Plaintiff could not rebut Defendant's proffered non-discriminatory justifications. (Id. at 6 n.5.)

3

Next, Judge Reyes recommended granting summary judgment to Defendant on Plaintiff's claim of failure to accommodate vis-à-vis Defendant's numerous offers of reassignment post-July of 2010. (Id. at 10-12.) In brief, Judge Reyes held that "Plaintiff fails to point to anything in the record indicating that there were additional vacant positions for which she was qualified other than the nine that were offered." (Id. at 10.) With respect to two of the nine positions to which Plaintiff did, in fact, apply, Judge Reyes held that Plaintiff offered no evidence to contest her non-selection for the positions, or that she was treated any differently than similarly qualified candidates. (Id. at 11.) With respect to the seven positions to which Plaintiff did not apply, Judge Reyes held that Plaintiff failed to offer admissible evidence that these positions would have required excessive typing, or that she requested an accommodation with respect to the excessive typing. (Id. at 11-12.)

Finally, Judge Reyes recommended granting Plaintiff leave to amend the caption to name the City as the proper defendant. (Id. at 12-13.) See also supra n.1.

## III. DEFENDANT'S OBJECTIONS TO THE R&R

On October 9, 2015, after receiving two extensions of time to file, Defendant filed objections to the R&R. (Def.'s Resp. and Obj. to R&R ("Def.'s Obj.") (Dkt. 38).) After also receiving two extensions of time to file, Plaintiff responded to Defendant's objections on December 7, 2015. (Pl.'s Mem. of Law in Opp'n to Def.'s Resp. and Obj. to the R&R ("Pl.'s Resp.") (Dkt. 42).)

In brief, Defendant objects to those portions of the R&R that denied its motion for summary judgment.[5] With respect to the three claims related to the July 2010, denial of reassignment to BHS (discrimination, failure to accommodate, and retaliation), Defendant argues

---

[5] No party has objected to those portions of the R&R granting in part Defendant's motion for summary judgment and granting Plaintiff leave to amend the caption of the Complaint. With respect to these portions of the R&R, the court reviews for clear error, and finds none.

4

that Judge Reyes erred in concluding that Plaintiff could establish a prima facie case. (See Def.'s Obj. at 7-15.) In addition, Defendant argues that it did, in fact, raise the argument in the initial round of briefing that Plaintiff could not rebut Defendant's legitimate non-discriminatory or non-retaliatory justifications for its actions, and urges the court to reach this argument if it determines that Plaintiff has established a prima facie case for any of the three reassignment-related claims. (Id. at 16-20.)

## IV. STANDARD OF REVIEW

In reviewing a magistrate judge's R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. To obtain de novo review, an objecting party "must point out the specific portions of the report and recommendation to which [that party] object[s]." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002). Portions of an R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour, 2012 WL 728227, at *2.

## V. DISCUSSION

The court now addresses Defendant's specific objections. Applying de novo review, the court ADOPTS the portions of the R&R specifically objected to, and, like the R&R, GRANTS

IN PART and DENIES IN PART Defendant's motion for summary judgment.

A.  **Disability Discrimination at BHS**

"To establish a prima facie case under the ADA, a plaintiff must show by a preponderance of the evidence that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006) (internal quotation marks and citation omitted). "In the context of the ADA, reasonable accommodation may include, inter alia, modification of job duties and schedules, alteration of the facilities in which a job is performed, acquisition of devices to assist the performance of job duties, and, under certain circumstances, 'reassignment to a vacant position.'" McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 97 (2d Cir. 2009) (quoting 42 U.S.C. § 12111(9)(B)). "The plaintiff bears the burdens of both production and persuasion as to the existence of some accommodation that would allow her to perform the essential functions of her employment, including the existence of a vacant position for which she is qualified." Id. (footnote omitted).

Defendant argues that Plaintiff failed to offer any evidence that there existed a vacant position for which she was qualified, and she therefore cannot establish her prima facie case of disability discrimination. (Def.'s Obj. at 8-11.) The court disagrees. Plaintiff submitted sufficient evidence from which a reasonable jury could find that there were vacant HAT positions within BHS at the time of the reassignment. Indeed, Plaintiff offered evidence tending to show that (1) certain FDNY employees were, in fact, transferred out of HAT positions within BHS around the time of Plaintiff's reassignment, (2) Defendant formally interviewed Plaintiff

6

for a HAT position on July 12, 2010, and (3) Plaintiff's reassignment order issued by the FDNY specifically directed her to report to BHS in July of 2010 after her previous assignment as a recruiter in the Recruitment Initiatives and Diversity Unit was eliminated due to budget cuts. Although the jury may ultimately conclude that there were no vacant HAT positions for which Plaintiff was qualified at the time of Plaintiff's reassignment (and no vacant non-HAT positions within BHS for which Plaintiff was qualified), these are factual disputes that cannot be resolved by the court at summary judgment.

Relatedly, the parties continue to dispute whether Plaintiff in fact requested a reasonable accommodation for the HAT position during her July 12, 2010, interview, and if she did, whether such an accommodation—the use of an electronic blood pressure machine—would have rendered her qualified to perform the essential functions of the HAT role, assuming that measuring blood pressure is an essential function of the role. The jury ultimately may not believe Plaintiff's testimony that, during her interview, she requested the use of an alternative blood pressure machine, or that such an accommodation would have been sufficient to qualify her to perform the essential functions of the HAT position. But again, these are not questions that can be resolved by the court at summary judgment.

### B. Failure to Accommodate at BHS

The ADA requires an employer to make reasonable accommodations for a disabled employee, unless the employer can show that such an accommodation "would impose an undue hardship on the operation of the business." 42 U.S.C. § 12112(b)(5)(A). An accommodation is not reasonable if it requires the employer to eliminate an essential function of the position. See Rodal v. Anesthesia Grp. of Onondaga, P.C., 369 F.3d 113, 120 (2d Cir. 2004). "When a plaintiff brings an action alleging that a defendant violated the ADA by failing to offer a

7

reasonable accommodation, the claim fails unless the plaintiff establishes that an effective accommodation existed that would render her otherwise qualified." Jackan v. N.Y. State Dep't of Labor, 205 F.3d 562, 566 (2d Cir. 2000) (alteration removed) (internal quotation marks and citation omitted). As discussed above, an effective accommodation may include, inter alia, modification of job duties, alteration of the facilities in which a job is performed, or the acquisition of devices to assist the performance of job duties. See 42 U.S.C. § 12111(9)(B). Once the plaintiff establishes such an accommodation exists, the burden shifts to the defendant to show "that the proposed accommodation would cause it to suffer an undue hardship." See Borkowski v. Valley Cent. Sch. Dist., 63 F.3d 131, 138 (2d Cir. 1995).

Defendant argues that a jury could not find that it failed to offer a reasonable accommodation to Plaintiff in connection with her proposed role as a HAT. (Def.'s Obj. at 11-14.) As discussed above, Plaintiff has raised a genuine issue of material fact concerning her request for an accommodation related to the July 2010, reassignment to a HAT role within BHS. Defendant argues that Plaintiff's testimony regarding the request is an "unsupported assertion . . . undercut by her inability to recall when she made the request." (Id. at 12.) That may be so, but Defendant's argument goes to Plaintiff's credibility, not whether Plaintiff has offered sufficient evidence to defeat a motion for summary judgment.[6] As Judge Reyes concluded, "[t]here is, at the very least, a genuine issue of material fact as to whether Plaintiff's requested accommodation was reasonable and would have allowed her to perform an essential function of the HAT position." (R&R at 9.)

---

[6] Similarly, that Plaintiff had requested and received prior accommodations in 2001 and 2003, and was, in Defendant's words, "intimately aware of the reasonable accommodation process," again go to her credibility with respect to the accommodation request allegedly made in 2010 in connection with the HAT position.

8

## C. Retaliation at BHS

"In order to establish a prima facie case of retaliation, [a plaintiff] must show that: (1) he engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took adverse employment action against him; and (4) a causal connection exists between the alleged adverse action and the protected activity." Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002).

In the R&R, Judge Reyes denied summary judgment on the retaliation claim, noting "[t]hat Plaintiff was subjected to an adverse employment action—denial of the BHS position—cannot be disputed." (R&R at 10 (emphasis added).) Defendant argues that Plaintiff cannot establish a causal connection between her request for accommodation in July 2010 (the alleged protected activity), and her eventual termination in October 2011 (according to Defendant, the adverse employment action), and therefore cannot establish a prima facie case of retaliation. (See Def.'s Obj. at 14-15.) Defendant misconstrues the scope of the R&R. Judge Reyes did not hold that Plaintiff's ultimate termination in October 2011 is the relevant adverse employment action for purposes of her retaliation claim.[7] Rather, Judge Reyes limited the retaliation analysis to the denial of reassignment to BHS, which directly followed Plaintiff's alleged protected activity of seeking a reasonable accommodation. Accordingly, with respect to this alleged adverse action, Plaintiff has established a prima facie case of retaliation.

## D. Defendant's Proffered Justifications and Pretext

Finally, Defendant argues that (1) Judge Reyes ignored its proffered non-discriminatory and non-retaliatory justifications for its decision to reject Plaintiff's reassignment to BHS, and

---

[7] Plaintiff also appears to misconstrue the scope of the R&R. (See Pl.'s Resp. at 18 (arguing that when faced with Plaintiff's request for accommodation, Defendant "refused to permit her to work in BHS, thus leaving her employment in limbo with FDNY, and ultimately culminating in her termination" (emphasis added)).)

9

(2) Plaintiff offered insufficient evidence from which a jury could find that Defendant's justifications are pretext for discrimination or retaliation. (See Def.'s Obj. at 16-20.)

As a threshold matter, the court agrees with Judge Reyes's determination that Defendant—who at all times has been represented by sophisticated counsel from the Corporation Counsel of the City of New York—failed to argue in its initial briefing that summary judgment should be granted on the ground that Plaintiff cannot rebut Defendant's purported justifications for the alleged adverse employment actions. (See R&R at 6 n.5, 10.) Indeed, unlike the objection to the R&R, Defendant's initial briefing lacks any reference to the familiar burden-shifting framework used by courts in employment discrimination cases, the concept of "pretext," or even the seminal case of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Rather, each substantive section of Defendant's opening and reply briefs discussed the elements of a prima facie case for Plaintiff's claims, and analyzed why, in Defendant's view, Plaintiff failed to establish one or more of the prima facie elements.[8] (See generally Mem. of Law in Supp. of Def.'s Mot. for Summ. J. (Dkt. 27-4).) While a party need not cite specific cases or use specific buzzwords in order for a court to reach a legal issue, based on the parties' briefing, it would have been inappropriate for Judge Reyes to reach the latter stages of the McDonnell Douglas burden-shifting framework. Similarly, with respect to Defendant's objections to the R&R, the case law is clear that a district judge should not consider arguments that were not first before a magistrate judge. See, e.g., Sci. Components Corp. v. Sirenza Microdevices, Inc., No. 03-CV-1851 (NGG) (RML), 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006) ("In this district and circuit, it is established law that a district judge will not consider new arguments

---

[8] Similarly, Plaintiff's brief in opposition to Defendant's motion for summary judgment only addressed the prima facie stage of the McDonnell Douglas burden-shifting framework. (See generally Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. (Dkt. 28-3).)

10

raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." (citations omitted)).

In any event, to the extent that Defendant now argues that its actions in denying Plaintiff the reassignment to BHS were justified by non-discriminatory or non-retaliatory justifications—such as the purported lack of HAT vacancies, Plaintiff's failure to commit to the job requirements of the HAT position, and Plaintiff's poor interview performance—it appears that genuine issues of material fact would also preclude the entry of summary judgment on this ground.[9]

## VI. CONCLUSION

Accordingly, for the reasons set forth above, the court ADOPTS IN FULL the R&R, and GRANTS IN PART and DENIES IN PART Defendant's motion for summary judgment.

The parties are directed to contact the chambers of Magistrate Judge Reyes to schedule the filing of a Joint Pretrial Order in accordance with this court's Individual Rules, to be electronically filed no later than April 1, 2016. The parties are further directed to confer and to contact the court's Deputy at 718-613-2545 to set a trial date.

SO ORDERED.

Dated: Brooklyn, New York
January 21, 2016

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge

---

[9] The parties dispute the admissibility of an email dated July 12, 2010, sent by the BHS supervisor who interviewed Plaintiff and describing the interview in detail. (See R&R at 8 & n.8 (finding that Defendant failed to establish that the email was admissible); Def.'s Obj. at 5 n.3 (arguing that the email is admissible as a business record); Pl.'s Resp. at 13 n.3 (arguing that the email is inadmissible, but noting that even if it is deemed admissible for the truth of its contents, Plaintiff's testimony concerning the same interview creates genuine issues of material fact).) The court need not determine the admissibility of the email in question at this time; even if it is considered as part of the record for purposes of Defendant's motion, Plaintiff has introduced sufficient evidence to create genuine issues of material fact.

11